IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN DUCHESNE,          )<br>                                      )<br>          Plaintiff(s),        )<br>                                      )<br>    vs.                            )<br>                                      )<br>LAURIE SMITH, et al.,     )<br>                                      )<br>          Defendant(s).    )<br>_____ ) | No. C 05-3890 CRB (PR)<br><br>ORDER OF DISMISSAL WITH<br>LEAVE TO AMEND |

   While plaintiff was a pre-trial detainee at the Santa Clara County Jail, he filed the instant pro se action under 42 U.S.C. § 1983.  In his complaint, plaintiff challenges virtually all aspects of the conditions of confinement at the Santa Clara County Jail and seeks injunctive and monetary relief.

   Because plaintiff was recently convicted on state criminal charges and transferred to North Kern State Prison in Delano, California, his claims for injunctive relief are dismissed as moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (when an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive relief should be dismissed as moot).  Plaintiff's transfer does not moot his claims for damages; however, they

will be dismissed with leave to amend so that plaintiff may allege specific facts showing how each and every named defendant actually and proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). Plaintiff's largely conclusory allegations of constitutional wrongdoing will not do. See Leer, 844 F.2d at 634.

Plaintiff's complaint accordingly is DISMISSED with leave to amend to file a simple, concise and direct amended complaint which states clearly and succinctly how each and every defendant is alleged to have actually and proximately cause the deprivation of plaintiff's federally-protected rights. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("The Federal Rules require that averments 'be simple, concise, and direct.'"). The pleading must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within 30 days of this order will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: Feb. 15, 2006

CHARLES R. BREYER
United States District Judge

2